UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLAN RAY GEORGE,

        Petitioner,

v.

        CASE NO. 2:15-CV-14057
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

THOMAS WINN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR EQUITABLE TOLLING, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Nolan Ray George, ("petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder, M.C.L.A. 750.316. Respondent filed a motion for summary judgment, contending that petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a motion for equitable tolling in response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is **SUMMARILY DISMISSED**.

**I. Background**

Petitioner was convicted by a jury in the Oakland County Circuit Court.

1

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

Direct review of petitioner's conviction ended on March 4, 2013, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. George*, 493 Mich. 938, 829 N.W.2d 597 (2013).

On May 8, 2014, petitioner filed with the trial court a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et seq.* After the trial court denied the motion and the Michigan Court of Appeals denied petitioner's application for leave to appeal, collateral review of petitioner's conviction in the state courts ended on September 9, 2015, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of the post-conviction motion. *People v. George,* 498 Mich. 871; 868 N.W. 2d 902 (2015).

The instant petition was signed and dated November 10, 2015. [1]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on November 10, 2015, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be

3

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057 dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave on March 4, 2013. Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on June 2, 2013, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent equitable or statutory tolling, petitioner had until June 2, 2014 to timely file his habeas petition with this Court.

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on May 8, 2014, after three hundred and thirty nine days had elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d at 836. A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on September 9, 2015. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999). Petitioner had twenty six days remaining after the Michigan Supreme Court denied his post-conviction appeal, which would have been no later than October 5, 2015, to timely file his petition with this Court. Because the petition was not filed until November 10, 2015, the petition is untimely. [2]

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "the

---

[2] The Court recognizes that petitioner's post-conviction motion for relief from judgment was signed and dated April 25, 2014. (See Dkt. # 8-11). Although Michigan now recognizes a type of prison mailbox rule, it is applicable only "[t]o appeals from administrative agencies, appeals from circuit court (both claims of appeal and applications for leave to appeal), and appeals from decisions of the Court of Appeals to the Supreme Court." See Staff Comment to February 25, 2010 Amendment, foll. M.C.R. 7.105, 7.204, 7.205, 7.302. Michigan's post-conviction court rules do not contain a prison mailbox rule for the filing of a post-conviction motion for relief from judgment with the trial court. *See* M.C.R. 6.500, *et. Seq.* The federal mailbox rule cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading has been timely filed, where the mailbox rule has not been recognized by that state's appellate courts. *See e.g. Vroman v. Brigano,* 346 F. 3d 598, 603-04 (6th Cir. 2003). However, even if this Court were to toll the limitations period from the date that petitioner signed and dated his motion for relief from judgment, this would only give him an additional thirteen days to timely file his habeas petition with this Court, or until October 18, 2015. Because his petition was not filed until November 10, 2015, his petition is untimely even if this Court applies the prison mailbox rule to petitioner's motion for relief from judgment.

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

In his motion for equitable tolling, petitioner claims that he filled out a CSJ-318 Disbursement Authorization (Expedited Legal Mail-Prisoner) form on October 23, 2015 and delivered this form along with copies of his habeas petition that same day to prison officials to mail to this Court. Although petitioner no longer has copies of these forms, petitioner argues that the limitations period should be equitably tolled from the time that he first attempted to mail his habeas petition to this Court.

Petitioner has presented no evidence, other than his bare assertion, that he delivered his habeas petition and the legal mail disbursement form to prison officials on October 23, 2015. Because there is no evidence that petitioner attempted to mail his habeas petition on this date, petitioner is not entitled to equitable tolling on this basis. *See e.g. Stewart v. Robinson,* 65 Fed. Appx. 536, 537-38 (6th Cir. 2003)(habeas petitioner not entitled to equitable tolling based on claim that he had previously mailed a habeas petition to the federal court, where there was no evidence of the petitioner's alleged prior filing; petitioner's "bare assertion" that he had mailed his habeas petition to the federal district court prior

6

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

to the one year limitations deadline was insufficient to show that he actually mailed the petition).

Moreover, even if the Court were to credit petitioner's assertions, he would still not be entitled to equitable tolling because the statute of limitations had already run by October 23, 2015. Equitable tolling does not operate to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *See also Pinson v. Boynton,* No. 2:09-13640; 2010 WL 3245405, * 4 (E.D. Mich. August 17, 2010). "Events or actions occurring after the expiration of the limitations period cannot serve to extend that period or excuse [a litigant's] failure to comply with the limitations period." *Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 638 (E.D. Mich. 2003). "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000).

Petitioner in his motion for equitable tolling also appears to argue that the limitations period should be tolled because he suffers from some unspecified mental or physical disability.

"Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 Fed.Appx. 725, 726 (6th Cir.2005). Petitioner's claim that he suffers from a physical or mental disability is conclusory and unsupported. The

7

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

AEDPA's limitations period is not tolled by petitioner's alleged mental or physical illness, where nothing in the record suggests that this alleged disability prevented petitioner from filing his habeas petition on time. Petitioner has failed to show that he is entitled to equitable tolling. Petitioner's habeas application is untimely.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

8

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191. Petitioner's insufficiency of evidence claim (Claim # 2) cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Redmond v. Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

### III. Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant.... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2254 Proceedings; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

9

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(internal quotes and citations omitted).

Having considered the matter, jurists of reason would not find the procedural ruling that the habeas petition is untimely and cannot be saved by statutory or equitable tolling debatable. Accordingly, the Court declines to issue petitioner a certificate of appealability

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed.

10

*George v. Winn,* U.S.D.C. No. 2:15-CV-14057

R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of the habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV.  ORDER

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment (Doc. # 7) is **GRANTED,** Petitioner's Motion for Equitable Tolling (Doc. # 9) is **DENIED**, and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall be **GRANTED** leave to appeal *in forma pauperis.*

                                                S/Arthur J. Tarnow
                                                HON. ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT COURT

DATED: March 28, 2016